

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

United States District Courthouse
300 Quarropas Street
White Plains, New York  10601

November 30, 2007

**BY HAND**
Honorable Stephen C. Robinson
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, New York  10601

    Re:   ***United States v. Bernard B. Kerik,***
           ***07 Cr. 1027 (SCR)***

Dear Judge Robinson:

       This letter is submitted in support of the parties' joint request for a protective order on consent.

       During the course of the investigation in this matter information and documents were obtained from the Office of the White House which the Government seeks to produce to the defendant pursuant to Fed. R. Crim. P. 16(a). The parties have agreed that a protective order is necessary to preserve any applicable privilege which may attach to records or information obtained from the White House.

       A proposed Order is attached for Your Honor's consideration.

                          Respectfully yours,

                          MICHAEL J. GARCIA
                          United States Attorney

            By:   _____
                  Asst. U.S. Attorney Perry A. Carbone
                  Asst. U.S. Attorney Elliott B. Jacobson

cc:   Kenneth Breen, Esq.  (by fax and mail)

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA      :
                              :
                              :   PROTECTIVE ORDER ON CONSENT
            -v-               :
                              :
                              :
BERNARD B. KERIK,             :
                              :
            Defendant.        :
                              :
------------------------------x
```

Upon the application of the United States Attorney for the Southern District of New York and Bernard B. Kerik, the defendant herein, for the entry of a protective order concerning certain specific documents and other information provided by the White House Office which the U.S. Attorney's Office intends to produce to the defense pursuant to Fed. R. Crim. P. 16(a), having the consent of both parties and for good cause,

IT IS HEREBY ORDERED on this 30th day of November 2007, that

1. This Order shall apply to all information and documents produced by the White House Office to the United States Attorney's Office during the investigation of the charges underlying this indictment and any such future documents or information which may be produced by the White House Office relating to this matter.

2. The defense shall not assert that the mere act of production of documents or information by the White House Office to the United States Attorney's Office and subsequent production to the defense constitutes a waiver of any valid claim of privilege which may be asserted by the White House Office.

3. The parties agree that the use and disclosure of the documents produced pursuant to this Order shall be subject to the following restrictions:

    A. Copies of the documents produced pursuant to this Order may not be provided to any persons other than the defendant, defense counsel and persons employed or retained by them to assist in the defense.

    B. Any document produced pursuant to this Order may not be shown (or its contents read) to any persons other than the defendant, defense counsel or persons employed or retained by them to assist in the defense, unless:

        i. such persons have previously seen the document in question; or

        ii. the defense makes a request to the Government for an exception to these restrictions, and such a request is granted. The Government shall make all reasonable efforts to accommodate such exceptions. If such exceptions are refused, the defense may seek relief from the Court.

2

C.  No persons shall be provided, shown, or read the contents of any documents produced pursuant to this Order, or any copy thereof, unless and until they have been provided with a copy of this Protective Order and certify in writing that they will comply with its terms. The defense shall maintain a record of all such persons and certifications.

D.  The defense will not attach any documents produced pursuant to this Order to any public filings with the Court, or publicly disclose any such documents, or their contents in any other manner, without prior notice to the Government. If the defense and the Government cannot agree on the manner in which the documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

E.  Nothing in this paragraph limits the use that the defense may make of any documents produced pursuant to this Order at trial.

F.  The defense agrees to return to the Government or destroy any documents produced pursuant to this Order that do not become public during the course of pretrial proceedings and are not used at trial.

3

4. This Order does not preclude the Government from refusing to produce documents for which it believes a valid claim of privilege exists if it determines that it is necessary and appropriate to do so.

Accepted and Acknowledged:

　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY
　　　　　　　　　　　　　　　　　MICHAEL J. GARCIA

　　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　　PERRY A. CARBONE
　　　　　　　　　　　　　　　　　ELLIOTT B. JACOBSON
　　　　　　　　　　　　　　　　　Assistant U.S. Attorneys

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Defendant Bernard B. Kerik

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Kenneth Breen, Esq.
　　　　　　　　　　　　　　　(Counsel for Bernard B. Kerik)

SO ORDERED:
_____ Kenneth M. Karss
HONORABLE STEPHEN C. ROBINSON
UNITED STATES DISTRICT JUDGE

4