UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BERNARD KERIK,

        Defendant.

07 Cr. 1027

ORDER

---

STEPHEN C. ROBINSON, District Judge:

On July 30, 2008, this Court received a letter from The New York Times Company ("The Times") requesting that a transcript from a sealed conference held by this Court on July 9, 2008 be released, and that "counsel for The Times be permitted to be heard prior to any future application to close the courtroom." Letter from David E. McGraw, Vice President and Assistant General Counsel, The New York Times Company, to Judge Stephen C. Robinson, U.S. District Court Judge, U.S. District Court for the Southern District of New York (July 30, 2008). According to the letter, The Times believes that the "closing of the courtroom was done in violation of the public's rights under the First Amendment. . . ." *Id.*

Both the prosecution and the defense in this matter agree that the July 9 conference was properly closed, as the matters discussed at the conference relate to grand jury proceedings and are therefore protected against disclosure by Rule 6(e) of the Federal Rules of Criminal Procedure. Rule 6(e)(5) states "[s]ubject to any right to an open hearing in a contempt proceeding, the court must close any hearing to the extent necessary to prevent disclosure of a

matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(5). Rule 6(e)(6) reads "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). These rules exist to protect the secrecy of grand jury proceedings so as to:

> "(1) . . . prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt."

*In re Grand Jury Subpoena*, 103 F.3d 234, 237 (2d Cir. 1996) (quoting *United States v. Moten*, 582 F.2d 654, 662 (2d Cir.1978)).

The primacy of the interest in secrecy in grand jury proceedings is well established. Where "disclosure of . . . confidential information might disclose matters occurring before the grand jury, the information should be protected under Rule 6(e)," and "[o]nce a proceeding falls under 6(e), it receives a presumption of secrecy and closure." *In re Grand Jury Subpoena*, 103 F.3d at 239. This presumption, however, is rebuttable. The party seeking disclosure may overcome the presumption by demonstrating a "particularized need" that outweighs the need for secrecy. *Id.* (internal quotations and citations omitted). Such a showing can be made "by proving that the material . . . is needed to avoid a possible injustice in another proceeding, that the need for disclosure is greater than the need for continued secrecy, and that [the] request is

structured to cover only material so needed." *Id.* (internal quotations and citations omitted). The Times does not attempt to make such a showing. Instead, it asserts the public's First Amendment right of access to the proceeding and requests a copy of the conference transcript.

First Amendment right of access claims in criminal proceedings are addressed with a two-prong approach: First the court assesses whether the place and process in question have historically been open to the press and general public, and second the court considers whether "public access plays a significant role in the functioning of the particular process . . . ." *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 8 (1986) ("*Press-Enterprise II*"). If both prongs are satisfied, a qualified First Amendment right of access attaches, *id.*, and the proceeding cannot be closed "unless specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 13 – 14 (internal quotations and citations omitted). The Times relies on *Press-Enterprise II* and related cases to support the proposition that criminal proceedings are presumptively open to the public. This reliance is misplaced, as none of these cases pertain to grand jury or grand-jury related proceedings. *Press-Enterprise II*, on which The Times relies for its central proposition, examines the First Amendment question in the context of a California "preliminary hearing," a specific criminal proceeding that functions as a *trial-like* alternative or supplement to grand jury proceedings. *See Press-Enterprise II*, 478 U.S. at 12 (describing a "preliminary hearing"). However, the Supreme Court clearly states in *Press-Enterprise II* that, as to the second prong of the First Amendment access test, grand jury proceedings are the "classic example" of proceedings that depend on secrecy for proper functioning. *Id.* at 9 – 10. Not only does public access not play a role in the functioning of grand jury proceedings, but indeed these proceedings rely on the lack of access for proper functioning. Moreover, the policy behind Rule 6 clearly

demonstrates the specific reasons for the public not having access to grand jury and grand jury-related proceedings. Therefore, under *Press-Enterprise II* and *In re Grand Jury Subpoena*, grand jury-related proceedings are properly closed to the public.

The other cases The Times cites relate to actual criminal trials (*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) and *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982)) and jury selection (*Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) ("*Press-Enterprise I*")), neither of which is at issue here and each of which is distinguishable from proceedings related to grand jury investigations. In trials and other criminal proceedings, public presence acts as a check "enhanc[ing] both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the [judicial] system." *Press-Enterprise II*, 478 U.S. at 9 (quoting *Press-Enterprise I*, 464 U.S. at 501). With respect to grand jury proceedings, such interests are outweighed by the need for secrecy. As the parties here have indicated, this case falls squarely under *In re Grand Jury Subpoena*, 103 F.3d 234 (2d Cir. 1996), which requires the secrecy of information pertaining to matters before the grand jury.

As this Court held in a similar Order issued in February of this year, Rule 6 of the Federal Rules of Criminal Procedure protects the secrecy of grand jury proceedings. In the instant matter, the requested materials all relate to matters occurring before a grand jury. Their unsealing and dissemination could compromise the integrity of the grand jury proceedings by affecting witnesses, interfering with fact-finding and/or damaging the reputation of subjects who have not yet been and may never be formally charged. Accordingly, the requested materials are to remain under seal.

The Times also requests that it have the opportunity to be heard prior to any future closing. Should this Court be presented with an application to close a non-grand jury related

proceeding, The Times and other interested third parties shall have ample opportunity to be heard on the issue.

IT IS SO ORDERED.

Dated: White Plains, New York
       August 19, 2008

_____
Stephen C. Robinson, U.S.D.J.