UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 07-cr-01027 (SCR) |
| | : |
| BERNARD KERIK | : |

## MOTION TO UNSEAL AND VACATE PROTECTIVE ORDER

Now comes the movant, Bernard Kerik, by and through his counsel Raymond Mansolillo and moves this Honorable Court for an order unsealing the records in the following case 07-cr-01027 (SCR). Since the case closing on February 23, 2010, the case has been assigned, managed and supervised by the Honorable Chief Judge Preska, United States District Court, Southern District of New York.

Movant(s) request that all of the sealed documents be unsealed and made public as soon as possible. In addition and to the extent these and other orders and documents, i.e. protective orders, are filed under the same or separate docket numbers, movant respectfully requests that a copy of this motion be filed in the correct docket(s).

There is a presumption of access to judicial records like the sealed documents under both the Common Law and the First Amendment. There currently exists no legitimate Government interest, let alone a compelling interest, in the continued sealing of the materials and order of protection. In fact, the Government long ago should have moved on its own to have the record

1

unsealed after the case was closed, all litigation had ended and Mr. Kerik had completed his imposed sentence. Even more important though, the movant has an interest in the unsealed records to defend himself and assert proof via pleadings in ongoing and current legal matters pending before this court and other tribunals; such records support those assertions and protect Mr. Kerik's fundamental rights. The current ongoing legal matters/case are: 2:14-cv-00488, U.S. District Court, District of NJ; 1:14-cv-00749, U.S. District Court, Southern District of NY; State Investigatory Body/Tribunal Department Disciplinary Committee v. Joseph Tacopina, Docket No. 2014.2913.

Lastly, the sealed materials are of important public interest. The records sealed by the Government were related specifically to the public and assertions of public corruption by public officials. There could be no greater interest of the public than to have some light shine upon how our Government conducts itself in such matters. Their disclosure would significantly serve the public interest and would also increase the public ability to participate in affairs of its public officials on a local, state, and federal level. Both the Common Law and First Amendment Right of Access to Judicial Records mandate that the record in this matter be unsealed.

## FACTUAL AND PROCEDURAL BACKGROUND

Bernard Kerik, retired police commissioner, City of New York, was indicted on November 8, 2007, Case No. 07-cr-01027(SCR). He plead guilty in the same case on November 5, 2009. Mr. Kerik served his full term of imprisonment and was released on October 15, 2013. During the Government's investigation/prosecution of the aforementioned case, the Government moved to seal the record in the case through protective order and said order was granted on March 19, 2008. The Government has since closed its investigation/case and Mr.

Kerik has served his sentence and has been released. The Government has failed to initiate a Motion to Unseal the record which now severely prejudices Mr. Kerik in current and pending civil litigation in this Court and other tribunals.

## ARGUMENT

Courts have recognized that the Government may frequently have a legitimate interest in maintaining the secrecy of an ongoing criminal investigation and in avoiding tipping off potential witnesses that they are being investigated. That rationale in this instant matter has long since dissipated and is currently absent here. The criminal proceedings have long been over, the case closed and Mr. Kerik himself has completed his sentence. In fact, it has been some 7 years and 8 months since the criminal investigation commenced.

Now that the case has been closed for more than 4 years, there can be and is no longer a legitimate justification, let alone a compelling interest for keeping all these documents under seal. See e.g. _United States v. Klepfer_ (in re: The Herald Co.), 734 F.2d 93, 101 (2d Cir. 984). Even if the Government were to continue to assert it still has interest in maintaining secrecy of the sealed documents, that interest must be balanced against the interests of the parties, see below.

Fed. R. Crim. P.16(d) permits a court to enter a protective order in a criminal case for "good cause", The Second Circuit. Other courts have held, however, that "it is appropriate to analyze the 'good cause' requirement under the criminal rules in light of precedent analyzing protective orders entered in civil cases", _U.S. v. Bulger_, 283 FRD 52, (D.Mass 2012). To determine "good cause", a court must balance several factors, including change in circumstances, parties, reliance on protective order, third party privacy interests, etc. id. at 53-55. See also _SEC_

*v. The Street.Com*, 273 F.3d 222, 229 (2d Cir. 2001); also *FDIC v. Ernst & Ernst*, 677, F2d. 230, 232 (2d. Cir. 1982). The Government may disclose documents favorable to its case, but defendants/movants may, in turn, seek to disclose documents favorable to theirs.

Good cause is established when it (the Government) specifically demonstrates that the disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice. See *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). See also *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003); *Anderson v. Cryovac, Inc*. 805 F.2d 1, 7 (1st Cir. 1986); *Cipollone Liggett Group, Inc.* 785 F.2d 1108, 1118-21 (3d Cir. 1986) (holding that "the good cause analysis, although by no means toothless, is significantly less stringent than the least restrictive means test"); *United States v. Garrett*, 571 F.2d 1323, 1325-26 (5th Cir. 1978).

Protection by a blanket protective order is only provisional. See *Public Citizen v. Liggett Group, Inc.* 858 F.2d 775, 790 (1st Cir. 1988). If the designation is later challenged, the Court must find good cause to continue to protect the specific discovery for the discovery to be protected as confidential. *Cipollone*, id. at 1122. It is well established that a district court retains the power to modify or lift confidentiality orders that it has entered. See *Pansy v. Borough of Strondsburg*, 23 F.3d 772, 784 (3d Cir. 1994); see also MCL 4th §11.432, at 67-69 (Federal Judicial Center 2004).

It should be noted that although the Federal Rules of Civil Procedure codify the standard for confidential discovery orders in Rule 26(c)(1)(A), The Federal Rule of Criminal Procedure governing discovery protective orders, Rule 16(d), concerns, by its terms protection from discovery obligations rather than restrictions on disclosure to third parties. See *Confidential Discovery – Guide to Protective Orders*, Robert Timothy Reagan, Federal Judicial Center, 2012.

4

## MOVANT(S) NEED THESE DOCUMENTS UNSEALED SO THAT THEY CAN PROTECT THEIR FUNDAMENTAL RIGHTS

Mr. Kerik has a strong interest in the unsealed records so he can protect his fundamental rights. As stated earlier, Mr. Kerik is currently engaged in pending civil litigation in two separate U.S. District Court jurisdictions and also with a state tribunal/investigative body. The unsealed record is necessary in mounting and protecting his fundamental rights while engaged in this litigation. Without such, he will be severely prejudiced if information contained in the record remains hidden.

## BOTH THE COMMON LAW AND THE FIRST AMENDMENT SUPPORT A RIGHT OF ACCESS TO THE SEALED RECORDS/DOCUMENTS

In addition to the movant's personal interests and the necessity in having the documents unsealed, there is also a strong public interest, shared by Mr. Kerik as well, in having the documents unsealed. That the judicial process should be as open to the public as possible is a principle enshrined in both Common Law and the Constitution, see *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555 (1980); *Nixon v. Warner Communications, Inc.* 435 U.S. 589 (1978). The Law of Access to Judicial Records is well established. Even if the Government possessed some conceivable argument for the continued closure, it cannot demonstrate that its interest is sufficient to overcome either the Common Law or First Amendment right of access to the sealed documents. Mr. Kerik et. al does have standing to assert the public's right of access to the sealed documents. See *Leucadia, Inc. v. Applied Extrusion Techs., Inc.* 998 F.2d 157, 167-168 (3d Cir. 1993) (holding that "the applicability and importance of the interests favoring public access are not lessened because they are asserted by a private party to advance its own interests in pursuing its lawsuits against a party to the original action", and noting that, "[t]he Supreme Court has

made it plain that all persons seeking to inspect and copy judicial record stand on equal footing, regardless of their motive for inspecting such records" (alterations and citations omitted)).

New courts have long recognized the public's right of access to court documents, see e.g. *Nixon,* 435 U.S. at 597 ("the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") The law's recognition of the importance of judicial transparency serves "the citizen's desire to keep a watchful eye on the workings of public agencies …[and] the operation of Government." *Id.* at 598.

The Fourth Circuit expresses it succinctly "the value of openness in judicial proceedings can hardly be overestimated. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification." *United States v. Moussaoui,* 65F.App. x 881, 885 (4th Cir. 2003) (Quoting *Union Oil Co. v. Leavell,* 220 F.3d 562, 568 (7th Cir. 2000)).

Although the principle animating the First Amendment and Common Law Rights of Access are similar, courts have articulated a distinct First Amendment Right of Access to Judicial Records. "The First Amendment guarantees the press and the public a general right of access to court proceedings and court documents unless there are compelling reasons why it cannot be observed." See *Washington Post v. Robinson,* 935 F.2d 282, 287 (DC Cir. 1991). "the First Amendment Right of Access is, in part, founded on the societal interests in public awareness of, and its understanding and confidence in, the judicial system." See *United States v. Chagra,* 701 F.2d 354, 363 (5th Cir. 1983) (internal citation omitted).

6

The First Amendment right encompasses not only the right to attend trial and pretrial proceedings, but also the right to inspect documents filed in the course of civil and criminal proceedings. See *Rushford v. New Yorker Magazine, Inc.* 846 F.2d. 249, 253 (4th Cir. 1988) (Holding that there is a First Amendment Right of Access to documents submitted in civil proceedings); *United States v. Soussondis*(In re: Washington Post Co.), 807 F.2d 383, 390 (4th Cir. 1986) (Holding that there is a First Amendment Right of Access to documents filed in criminal proceedings).

This First Amendment right applies to the sealed documents requested in this case. In short for many of the same reasons that there is a Common Law Right of Access to Records there is a First Amendment right as well.

## THE GOVERNMENT CANNOT MEET ITS BURDEN TO OVERCOME THE PRESUMPTION OF ACCESS TO THE SEALED DOCUMENTS

The Common Law Right of Access established a presumption in favor of access to judicial records and documents. See *Nixon,* 435 U.S. at 602. Once the presumption attaches, a court cannot seal documents or records indefinitely without considering countervailing factors. The Government bears the burden of "showing some significant interest that outweighs the presumption" of access, and, to rebut the presumption, must demonstrate that "countervailing interests heavily outweigh the public interests in access" *VA Department of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (Quoting *Rushford*, 846 F.2d at 253).

The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest" *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 510 (1984) (*Press Enterprise I*); see also *VA Department of State Police*, 386 F.3d at 575 ("a District Court may restrict access

7

only on the basis of a compelling Governmental interest, and only if the denial is narrowly tailored to serve that interest" (internal quotation marks and citation omitted)). "Regardless of whether the Rights of Access arises from the First Amendment or the Common Law, it "may be abrogated only in unusual circumstances." *VA Department of State Police*, 386 F.3d at 576 (Quoting Stone, 855 F.2d. at 183). Given the case/investigation and prosecution has long since been closed, the Government can no longer justify the continued sealing of the record nor can it meet its burden of establishing an interest in continued secrecy sufficient to "heavily outweigh" Mr. Kerik and the public's significant interest in access to these related records, let alone an "overriding", "compelling" interest necessary to withstand First Amendment scrutiny.

## CONCLUSION/RELIEF REQUESTED

As such, the movant, Mr. Bernard Kerik through his counsel moves this Honorable Court for an order to unseal all documents and records in SDNY Case No. 07-cr-01027 (SCR). In addition and to the extent these and other related orders and documents, i.e. protective orders, are filed under the same or separate docket numbers, movant respectfully requests that a copy of this motion be filed in the corollary/correct dockets for same relief.

*/s/ Raymond Mansolillo*

Raymond Mansolillo
Mansolillo & Calabro LLC
101 Federal Street, Suite 1900
Boston, MA 02110
Tel. (617) 342-7181
Fax. (617) 342-7080
Email: rmansolillo@cox.net
       ram@mansolillo-calabro.com

## CERTIFICATE OF SERVICE

I, Raymond Mansolillo, hereby certify that on this 25th Day of March, 2014, the aforementioned *Motion to Unseal and Vacate Protective Order* has been filed electronically via ECF to all interested parties.

/s/ *Raymond Mansolillo*

Raymond Mansolillo

Dated: March 25, 2014