

U.S. Department of Justice

United States Attorney
Southern District of New York

United States District Courthouse
300 Quarropas Street
White Plains, New York 10601

April 1, 2014

**BY HAND**
Honorable Loretta A. Preska
Chief Judge
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: *United States v. Kerik,* 07 Cr. 1027 (LAP)

Dear Judge Preska:

    We write in response to Kerik's Motion To Unseal And Vacate Protective Order of March 25, 2014 ("Kerik's Motion"). For the reasons stated herein, the Government opposes Kerik's Motion and requests that Kerik be ordered to return the discovery material provided to him by the Government as he is obligated to under the terms of the Protective Order.

    Kerik incorrectly and incompletely states that "the Government moved to *seal the record in the case* through protective order and said order was granted on March 19, 2008." (Emphasis supplied). Tellingly, Kerik does not attach the order in question to his moving papers. In fact, the Protective Order On Consent issued by then-Judge Stephen C. Robinson on March 19, 2008 ("the Order"), a copy of which is attached hereto as Exhibit A: a) was sought by the Government *and* Kerik; b) did not "seal the record in the case"; c) acted only to place limits on the uses to which Kerik could put materials furnished to him in discovery; and d) directed Kerik to return all of the said discovery materials to the Government "at the end of the criminal proceeding." Subsequent to the entry of the Order, Kerik pleaded guilty to numerous felony charges in satisfaction of the Indictment. He was sentenced and unsuccessfully appealed his sentence. *United States v. Kerik,* 419 Fed. Appx. 10 (2d Cir. 2011).

    After Kerik had exhausted his direct appeal, his counsel, Raymond Mansolillo, Esq. – the very same attorney who brought on the instant motion – wrote to Your Honor and specifically requested that he be included on, and bound by the terms of, the Order so that he could review Kerik's file and determine whether Kerik would seek relief under Title 28, United States Code, Section 2255. The Government consented to that request which was granted by Your Honor. A copy Mr. Mansolillo's letter "So Ordered" by Your Honor is attached hereto as Exhibit B.

Kerik is in violation of the terms of the Order. Kerik has exhausted his appellate remedies, and the statute of limitations has long run on any putative petition pursuant to Title 28, United States Code, Section 2255. Accordingly, "the criminal proceeding" referenced in the Order is over. Notwithstanding that, Kerik has not returned a single document of the voluminous discovery that the Government provided to him in this case. Whatever excuse he may have had for such non-compliance owing to his imprisonment is now without moment as he has completed his sentence. Judge Robinson's Order should, therefore, be enforced and Kerik ordered to return the documents to the Government forthwith.

Kerik's Motion for unsealing is couched mainly in terms of the public's right of access to judicial records and documents. The fundamental flaw in that argument is that the records in question were never filed in court and are not judicial records and documents, but were merely materials turned over to Kerik in discovery in keeping with the Federal Rules of Criminal Procedure. Documents and information provided in discovery are not "judicial documents" and the public and third parties have no presumptive or traditional right of access to them. *See United States v. Caparros*, 800 F.2d 23, 25-26; *United States v. Gangi*, 1998 WL 226196 (S.D.N.Y.) at *3. Further, there is a strong public interest in the free flow of information to law enforcement, an interest that would be compromised if the relief Kerik seeks here were to be granted. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). As the Second Circuit has observed:

> ...[o]fficials with law enforcement responsibilities may be heavily reliant upon the voluntary cooperation of persons who may want or need confidentiality. If that confidentiality cannot be assured, cooperation will not be forthcoming.... If release is likely to cause persons in this particular case or in future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access.

*Id.* The privacy interests of third parties thus weigh heavily in favor of the continued sealing of the materials in question. That is especially the case because a good deal of the materials in question consists of Jencks Act/3500 material including the grand jury testimony of witnesses who never made a public appearance in this case inasmuch as it terminated with multiple guilty pleas by the defendant.

In short, there is no legal basis that would permit the wholesale unsealing here of what is tantamount to the Government's entire investigation in a criminal case. Indeed, such an unsealing would be unprecedented. Kerik, who agreed in the Order that he "ha[d] no ownership or proprietary interest in the materials subject to [it]," should, as he agreed to do and was ordered

to do, return the materials to the Government immediately, and his motion for unsealing those materials should be denied.

Respectfully submitted,

PREET BHARARA
UNITED STATES ATTORNEY

By: _____
Elliott B. Jacobson
Perry A. Carbone
Assistant United States Attorneys

Attachments

cc: Raymond Mansolillo, Esq. (by fax and mail)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA     :
                             :
                             :  PROTECTIVE ORDER ON CONSENT
         -v-                 :
                             :
                             :  07 Cr. 1027 (SCR)
BERNARD B. KERIK,            :
                             :
              Defendant.     :
                             :
------------------------------x

      Upon the application of the United States Attorney for the Southern District of New York and Bernard B. Kerik, the defendant herein, for the entry of a protective order having the consent of both parties and for good cause,

IT IS HEREBY ORDERED THAT:

      1. Documents provided by the Government to the defense pursuant to Federal Rule of Criminal Procedure 16; Title 18, United States Code, Section 3500; *Brady v. Maryland*; or *United States v. Giglio*, to the defense in this action are deemed confidential. Confidential information disclosed to the defendant and his counsel during the course of proceedings in this action:

      a. Shall be used by the defendant and his counsel solely for purposes of this criminal action; and

      b. Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraphs 2 and 4 below.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

2. Confidential information may be disclosed by the defendant or his counsel only to the following designated persons: (i) all personnel employed by the defendant's counsel, either full-time or part-time; (ii) independent expert witnesses or advisors retained by the defendant or his counsel in connection with the criminal case; (iii) transactional witnesses, to the extent deemed necessary by defense counsel for trial preparation; and (iv) such other persons as hereafter may be authorized by the Court upon motion by the defendant. Copies of documents containing confidential information may not be given to or remain in the custody of transactional witnesses.

3. The defendant agrees that he has no ownership or proprietary interest in the materials subject to this Protective Order. The defendant further agrees that all such materials are to be returned to the Government at such time as they are no longer needed in this action, at the end of the criminal proceeding, or upon Order of the Court, whichever occurs first.

4. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or trial held in this action or to any Judge or Magistrate Judge of this Court for purposes of this action.

5. This Order is in addition to and does not supersede any prior protective order or stipulation.

Dated:    White Plains, New York
           March  /9 , 2008

Accepted and Acknowledged:

                                 UNITED STATES ATTORNEY
                                 MICHAEL J. GARCIA

BY: _____
     Perry A. Carbone
     Elliott B. Jacobson
     Assistant U.S. Attorneys

_____
Defendant Bernard B. Kerik

_____
Barry H. Berke, Esq.
Eric A. Tirschwell, Esq.
(Counsel for Bernard B. Kerik)

SO ORDERED:

_____
HONORABLE STEPHEN C. ROBINSON
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT B

# COLOIAN MANSOLILLO LLC
## ATTORNEYS AT LAW

May 15, 2012

Honorable Loretta A. Preska
Chief Judge United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/12
```

RE: Request for new counsel to be *"so ordered"* included in Protective Order on Consent.

Dear Chief Preska,

I kindly ask for your indulgence in accepting the following request via facsimile: I have been retained by Mr. Bernard Kerik (pro bono) to make a determination if a {2255 (*Post Conviction Relief Motion to Vacate, Set Aside or Reduce Sentence*) is warranted in his case and if so to file such. After several communications between Assistant United States Attorney Perry Carbone, Eric Tirschwell (previous counsel to Mr. Kerik) and myself, it appears we have reached an accord as to the most efficient and expeditious manner in which I, as new counsel, may obtain access to Mr. Kerik's complete file for review. (*See attached order – "Protective Order on Consent" – 07 cr 1027 [SCR]*.

As such and in satisfaction of all interested parties, I respectfully request that the Court "so order" my inclusion as new counsel in the "Protective Order on Consent" (attached).

I hereby agree to be bound by the terms and conditions of said Order or any new or modified Order imposed by this Court. (*Assistant United States Attorney Carbone on behalf of the Government does not oppose such request and has made such averment in an e-mail communication to me on May 11, 2012 at 8:44 a.m.*) In addition, this matter shall be reassigned to

Sincerely,

Raymond Mansolillo, ESQ
Coloian-Mansolillo, LLC
Boston Office: (617) 342-7080
Providence Office (401) 861-9400

SO ORDERED the undersigned

Loretta A. Preska
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

May 16, 2012

Encl: Protective Order on Consent – Kerik, Bernard – March 19, 2008

cc: Perry A. Carbone, ESQ.
    Assistant United States Attorney
    Southern District of New York

    Erick Tirschwell, ESQ
    Kramer Levin
    (previous counsel)

127 Dorrance Street, Providence, Rhode Island 02903  p.401.861.9400  f.401.383.9447
101 Federal Street, Suite 1900, Boston, Massachusetts 02110  p.617.342.7181  f.617.342.7080

From: Case 7:07-cr-01027-SCR Document 28 Filed 03/20/08 Page 1 of 3
Case 7:07-cr-01027-LAP Document 132 Filed 05/08/14 Page 10 of 12
05/15/2012 13:26 #647 P.002/004

Case 7:07-cr-01027-SCR Document 28 Filed 03/20/08 Page 1 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA :
:
-v- : PROTECTIVE ORDER ON CONSENT
:
: 07 Cr. 1027 (SCR)
BERNARD B. KERIK, :
:
Defendant. :
------------------------------x

Upon the application of the United States Attorney for the Southern District of New York and Bernard B. Kerik, the defendant herein, for the entry of a protective order having the consent of both parties and for good cause,

IT IS HEREBY ORDERED THAT:

    1. Documents provided by the Government to the defense pursuant to Federal Rule of Criminal Procedure 16; Title 18, United States Code, Section 3500; *Brady v. Maryland*; or *United States v. Giglio*, to the defense in this action are deemed confidential. Confidential information disclosed to the defendant and his counsel during the course of proceedings in this action:

    a. Shall be used by the defendant and his counsel solely for purposes of this criminal action; and

    b. Shall not be disclosed in any form by the defendant or his counsel except as set forth in paragraphs 2 and 4 below.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

2. Confidential information may be disclosed by the defendant or his counsel only to the following designated persons: (i) all personnel employed by the defendant's counsel, either full-time or part-time; (ii) independent expert witnesses or advisors retained by the defendant or his counsel in connection with the criminal case; (iii) transactional witnesses, to the extent deemed necessary by defense counsel for trial preparation; and (iv) such other persons as hereafter may be authorized by the Court upon motion by the defendant. Copies of documents containing confidential information may not be given to or remain in the custody of transactional witnesses.

3. The defendant agrees that he has no ownership or proprietary interest in the materials subject to this Protective Order. The defendant further agrees that all such materials are to be returned to the Government at such time as they are no longer needed in this action, at the end of the criminal proceeding, or upon Order of the Court, whichever occurs first.

4. The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, or trial held in this action or to any Judge or Magistrate Judge of this Court for purposes of this action.

   5. This Order is in addition to and does not supersede any prior protective order or stipulation.

Dated:   White Plains, New York
         March *19*, 2008

Accepted and Acknowledged:

                                 UNITED STATES ATTORNEY
                                 MICHAEL J. GARCIA

                           BY: _____
                                 Perry A. Carbone
                                 Elliott B. Jacobson
                                 Assistant U.S. Attorneys


                                 _____
                                 Defendant Bernard B. Kerik


                                 _____
                                 Barry H. Berke, Esq.
                                 Eric A. Tirschwell, Esq.
                                 (Counsel for Bernard B. Kerik)


                           SO ORDERED:
                                 _____
                                 HONORABLE STEPHEN C. ROBINSON
                                 UNITED STATES DISTRICT JUDGE

3