```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
                                :
UNITED STATES OF AMERICA,       :    07 CR 1027 (LAP)
                                :
                                :    ORDER
                                :
     v.                         :
                                :
BERNARD KERIK                   :
                                :
           Defendant.           :
                                :
-------------------------------X
```

LORETTA A. PRESKA, Chief United States District Judge:

Defendant Bernard Kerik moves [dkt. no. 135] to unseal records and vacate the protective order governing this case. (See Protective Order on Consent, dated Mar. 19, 2008 [dkt. no. 28] ("Protective Order").)[1] As an initial matter, the Protective Order did not seal any judicial documents. Instead, it was a confidentiality agreement covering certain discovery materials which the Government provided to Defendant. (See id. ("Documents provided by the Government to the defense pursuant to Federal Rule of Criminal Procedure 16; Title 18, United States Code, Section 3500; Brady v. Maryland; or United States v. Giglio, to the defense in this action are deemed confidential.").) Defendant argues that the common-law and First-Amendment rights to public access mandate that the Protective Order be vacated.

---

[1] The Court considers Defendant's motion despite his failure to submit a letter requesting a pre-motion conference, as required by the Court's Individual Rules of Practice.

(Motion to Unseal and Vacate Protective Order, dated Mar. 25, 2014 [dkt. no. 135] ("Def.'s Mot."), at 5-8.) But "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption[ of public access's] reach . . . ." United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995).

Defendant also states that he needs the documents "to defend himself and assert proof via pleadings in ongoing and current legal matters pending before this court and other tribunals [and] such records support those assertions and protect [Defendant's] fundamental rights." (Def.'s Mot., at 2, 5.) However, nothing in the Protective Order prevents Defendant from seeking discovery of these documents in his other proceedings. Moreover, there is a public interest in enforcing confidentiality agreements, such as the Protective Order, because they encourage cooperation and communication between the Government and third-party informants. See Amodeo, 71 F.3d at 1050.

In its opposition to Defendant's request, the Government points out that Defendant "is in violation of the terms of the [Protective] Order" because his "criminal proceeding" is over and he has not returned the discovery materials which the Government provided to him. (Letter from the Government to the Court, dated Apr. 1, 2014 [dkt. no. 137] ("Gov't's Opp."), at 2; see also

2

Protective Order, at 2 ("The defendant agrees that he has no ownership or proprietary interest in the materials subject to this Protective Order. The defendant further agrees that all such materials are to be returned to the Government at such time as they are no longer needed in this action, at the end of the criminal proceeding, or upon Order of the Court, whichever occurs first.").) Defendant's counsel expressly agreed to be bound by the terms of the Protective Order. (See Gov't's Opp. Ex. B (Letter from Defendant's counsel to the Court, dated May 15, 2012)("I hereby agree to be bound by the terms and conditions of [the Protective Order] . . . .").) Accordingly, the Court finds that Defendant and his counsel are in violation of the Protective Order by failing to return documents to the Government.

CONCLUSION

Defendant's motion [dkt. no. 135] is DENIED. Defendant and his counsel shall promptly return to the Government all documents and other discovery materials they have received pursuant to the Protective Order.

SO ORDERED.

Dated:   New York, New York
         May 9, 2014

_____
LORETTA A. PRESKA
Chief United States District Judge

3